**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RANDALL OLSON,<br><br>                Plaintiff,<br><br>v.<br><br>RANDALL TUFTON,<br>MICHELLE PAGE,<br>GLEN SCHAFER,<br>B. DALE HICKS,<br><br>                Defendants. | Case No. 16-cv-0074 (JRT/LIB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

      This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Randall Olson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2].

      On February 19, 2016, this Court ordered Plaintiff to file an amended complaint to cure the shortcomings of his Complaint. (Order [Docket No. 3]). The Court specifically informed Plaintiff that he could not just supplement his current pleading, but he must instead file an entirely new complaint. (Id.). Plaintiff has not filed an entirely new complaint; instead, he has filed four additional documents which are outlined below. [Docket Nos. 4–7].

      "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

1

In the first additional document that Plaintiff filed entitled "Objection to Document No (3) Order[,]" Plaintiff disagrees with the Court's conclusion that his Complaint is too vague, but he states that he "will amend his complaint by addendum by Motion see Documents No. [5 and 6]." (Objection to Document No (3) Order [Docket No. 4]). In the second additional document entitled "Motion to Amend[,]" Plaintiff states that he "[a]mened [sic] complaint to include a 250,000 dollar settlement and dept [sic] on each of the five" claims in his Complaint. (Motion to Amend [Docket No. 5]). The third additional document is untitled, but it appears to be excerpts from certain federal regulations. [Docket No. 6]. In his fourth additional document, entitled "Motion: Trial Consent Form," Plaintiff provides that "[b]y signing this consent form, the court will proceed to trial[.]" (Motion: Trial Consent Form [Docket No. 7]).

If these filings were intended to be objections to this Court's previous Order, they were not only untimely but also inappropriate. The ostensible objections were filed twenty (20) days after the Court's order was issued. Local Rule 72.2 provides that a "party may file and serve objection to the order within 14 days after being served with a copy[.]" LR 72.7(a)(1). The ostensible objections are inappropriate because the materials contained in the filings are attempts to augment Plaintiff's Complaint and are not directed at the Court's previous Order, as objections should be directed. See LR 72.2(a). Therefore, the additional filed documents cannot be considered, by this Court, as objections to the Court's previous Order.

While the additional documents are attempts to augment Plaintiff's Complaint, Plaintiff does not include any additional facts to support his claims in any of the additional documents, and Plaintiff failed to file an entirely new complaint as ordered. (See [Docket Nos. 4, 5, 6, 7]). The deadline for satisfying the requirements of the Court's prior order has now expired. (See

Order [Docket No. 3]). Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior Order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that that action be dismissed without prejudice. See Fed. R. Civ. P. 41(b) (providing that actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 264 Fed. Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Thorne v. Wyeth, No. 06-cv-3123, 2014 WL 36641, at 1–2 (D. Minn. Jan. 6, 2014).

The Court could recommend dismissal on these grounds alone. However, in an abundance of caution, the Court will also address Plaintiff filings liberally construed, in combination, as a single Complaint. Plaintiff's allegations standing alone or in combination with his original Complaint, however, remain inadequate to state a claim on which relief may be granted. See § 1915(e)(2)(B)(ii) (stating that in IFP proceedings, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief." The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). A complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' . . . or 'naked assertion[s]' devoid of 'further factual

enhancement'" is inadequate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accepts as true all of the factual allegation in the complaint and draw all reasonable inference in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Unlike facts, legal conclusions are not entitled to be accepted as true when determining whether a plaintiff has stated a claim for relief. Id. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. While *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

In its previous Order, the Court outlined several shortcomings in Plaintiff's Complaint including the unclear nature of his claims and his citation to a number of federal criminal statutes as the basis for his civil claim. (Order, [Docket No. 3], at 2). Plaintiff's new additional filings provide no additional insight into the nature of Plaintiff's claims or the basis for this Courts jurisdiction over Plaintiff's claims. (See [Docket Nos. 4–7]). The Court is still unable to identify the basis for this Court's jurisdiction over Plaintiff's claims. (See Id.). There is no diversity jurisdiction here because the Plaintiff and several of the Defendants are from Minnesota. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978) (diversity jurisdiction is not available "unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). Additionally, although he has included some unidentified excerpts from federal regulations, Plaintiff has still failed to identify a federal civil statute or constitutional right that he claims has been violated by the Defendants. See 28 U.S.C. §1331.

Even if the Court were to find that subject matter jurisdiction exists, however, once the legal conclusions in Plaintiff's Complaint are stripped away, there are insufficient facts to state a

plausible claim. Plaintiff claims that the Defendants "discriminated" against him as a "limited resource producer" "to defeat program purposes"; Defendants "created misrepresentation, scheme or device to defeat program purposes"; Defendants stole identities "in a scheme to defeat program purposes"; "[D]efendants conspired in a scheme to defeat program purposes"; and "[D]efendants perjured theirselves [sic] as a meanse [sic] to create a scheme to defeat program purposes." (Compl., [Docket No. 1], at 5–6). All these allegations lack any factual content. Plaintiff's self-titled "fact" section directs the Court to a "Federal record with the USDA Farm Service Agency," and then it concludes that Defendants lacked "good faith" in their dealings with him. (Id. at 7). Plaintiff also alleges that the "[D]efendants in this case confest [sic] to premeditated confestion [sic] in discriminating against the plaintiff." (Id. at 8). This allegation is unclear. Plaintiff refers to the "Federal record with the USDA Farm Service Agency" and the "Norman County FSA County Committee Minutes dated January 5, 2012" perhaps in an effort to fill in the sparse factual content of his Complaint, but he does not include these records. The factual account Plaintiff includes in his Complaint is therefore nearly impossible for the Court to decipher and fails to put the Defendants or the Court on notice of what Defendants did that was illegal.

Plaintiff's recently filed documents, [Docket Nos. 4–7], in no way remedy the shortcomings of his original Complaint. In response to the Court's Order that Plaintiff clarify his Complaint, Olson merely argues that "there are no gaps in the narrative to be filled 'PERIOD.' The allegations in the present complaint are not extremely vague . . . and the complaint does include sufficient specific facts for this court. There are no shortcomings in the Plaintiffs complaint." (Objection to Document No (3) Order, [Docket No. 4], at 1). In his Motion to Amend, [Docket No. 5], Plaintiff states: "The court and the defendant and the Farm Service

5

Agency better reconsider what they say and speak, because what they say may come back and bite them as it did in this order and complaint." (Mot. to Amend, [Docket No. 5] at 1). Neither document provides any additional clarification as to the original Complaint. Plaintiff instead attaches an unidentified document that may be excerpts of federal regulations, but those unidentified excerpts do nothing to enhance Plaintiff's factual account. (See [Docket No. 6]). Plaintiff last new document only asserts that he consents to trial by Magistrate Judge. (Motion: Trial Consent Form [Docket No. 7]). Although the Court gave Plaintiff the opportunity to amend his complaint, he has declined to do so and failed to provide the information the Court ordered. Therefore, the Court recommends finding that Plaintiff's Complaint (even considering the additional documents he has filed) fails to "state a claim that is plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Randall Olson's application for leave to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**.

2. Plaintiff Olson's motion to amend, [Docket No. 5], be **GRANTED;**

3. This action be **DISMISSED without prejudice** for the reasons set forth above.

Dated: April 7, 2016

s/ Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.