# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDALL OLSON, | Civil No. 16-74 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| RANDALL TUFTON, MICHELLE PAGE, GLEN SCHAFER, and B. DALE HICKS, | |
| Defendants. | |

Randall Olson, 3226 County Highway 1, Fertile, MN 56540, *pro se*.

Plaintiff Randall Olson filed this action against Defendants Randall Tufton, Michelle Page, Glen Schafer, and B. Dale Hicks (collectively "Defendants"), alleging that they engaged in discrimination, misrepresentation, identity theft, conspiracy, and perjury. (Compl. at 5-7, Jan. 13, 2016, Docket No. 1.) Olson also filed an application to proceed *in forma pauperis* ("IFP"). (IFP Appl., Jan. 13, 2016, Docket No. 2.) In his *pro se* complaint, Olson alleges that Defendants engaged in wrongdoing in administering a federal program of the Farm Service Agency of the United States Department of Agriculture. (Compl. at 5–8.) After reviewing Olson's complaint and IFP application, United States Magistrate Judge Leo I. Brisbois concluded that while Olson qualified financially, his complaint failed to state a cause of action on which relief could be granted. (Order at 1, Feb. 19, 2016, Docket No. 3.) The Magistrate Judge gave Olson an

opportunity to amend his complaint, but directed him to file an entirely new complaint and not merely supplement his original complaint. (*Id.* at 4.)

In response, Olson objected to the Magistrate Judge's order, stating that he would not file a new complaint, but would amend his complaint by addendum. (Obj. to Order at 2, Mar. 10, 2016, Docket No. 4.) Olson also filed a motion to amend his complaint, (Mot. to Amend, Mar. 10, 2016, Docket No. 5), excerpts of several federal regulations, (Ex., Mar. 10, 2016, Docket No. 6), and a trial consent form, (Trial Consent Form, Mar. 10, 2016, Docket No. 7). Olson did not file an amended complaint, and none of his new fillings provide additional information to clarify the basis of his claims. Because Olson did not comply with the prior order and failed to state a claim, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court deny Olson's IFP application and dismiss Olson's action without prejudice. (R&R, Apr. 7, 2016, Docket No. 8.)

On April 21, 2016, Olson filed objections to the R&R, arguing that the Court failed to respond to his prior objections within 14 days, and that the Magistrate Judge's R&R was vague and inconsistent. (Obj. to R&R, Apr. 21, 2016, Docket No. 9.) Because Olson has failed to state a claim, the Court will overrule his objections, affirm the Magistrate Judge's order, adopt the Magistrate Judge's R&R, and dismiss Olson's action without prejudice. Additionally, because the Court is dismissing Olson's action for failure to state a claim, and because the pleadings have not closed, the Court will deny Olson's Motion for Judgment.

## DISCUSSION

### I. STANDARD OF REVIEW

A party may file "specific written objections" to a Magistrate Judge's order or R&R. Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2. The party should specify the portion of the order or R&R to which he or she objects, and describe the basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For non-dispositive orders, the Court will "modify or set aside any part of the order that is clearly erroneous or contrary to the law." Fed. R. Civ. P. 72. The Court reviews *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### II. OLSON'S OBJECTIONS

First, Olson objects to the Magistrate Judge's order that he amend his complaint. He objects generally to the Magistrate Judge's use of case law in the order, and argues that there are "no shortcomings" in his complaint. (Obj. to Order at 1-2.) To the contrary, Olson's complaint provides very little factual content – instead, relying on

vague allegations of discrimination and fraud.  (*See* Compl. at 7-8 (alleging that Defendants denied his applications, threatened him to sign a form which would be "criminal and civil fraud," and confessed to and apologized for "discriminating against Plaintiff").)  Thus, the Court finds no error in the Magistrate Judge's order requiring Olson to file a new complaint clarifying the basis for his claims and will overrule Olson's objection to the order.

Second, Olson objects to the R&R, but does not object to any particular portion or reasoning.  Instead, he argues that the Court failed to timely respond to his "objection and addendum within 14 days after being served with a copy," and concludes that the R&R is "clearly erroneous" and "contrary to the law."  (Obj. to R&R at 1.)  Olson cites Local Rule 72.2(a)(2), whereby "[a] party may respond to another party's objections [to a Magistrate Judge's order] within 14 days after being served with a copy."  However, that rule applies to a party to a lawsuit rather than the Court, and permits a response, but does not require it.

Olson also argues that the R&R and order are vague and inconsistent, stating that "it's hard to decipher what the court claims to dismiss."  (Obj. to R&R at 1.)  However, in both the order and the R&R, the Magistrate Judge explained his reasoning in detail that Olson's complaint did not include sufficient facts to decipher the basis of his claims, and therefore, the Magistrate Judge provided Olson an opportunity to amend his complaint.  (Order at 3.)  The Magistrate Judge stated, "If Plaintiff elects to amend his complaint, he may not merely supplement his current pleading; he must instead file an entirely new complaint."  (*Id.*)  Yet Olson did exactly what the Magistrate Judge told him not to do,

which is he attempted to supplement his complaint rather than submitting a new amended complaint.

Even if the Court were to consider Olson's supplemental filings, he has still failed to state a basis for his claim. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). It must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Pro se* complaints, while construed liberally, still must allege sufficient facts. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Claims that are "essentially fictitious," "wholly insubstantial," or "obviously frivolous" cannot provide subject-matter jurisdiction to federal courts. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974). An IFP application will be denied, and an action dismissed, when an action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

As the Magistrate Judge noted, Olson has not provided enough facts for the Court to determine the nature of his claims or basis for jurisdiction. (R&R at 4–6.) He has not identified a federal civil statute or constitutional right that he claims were violated by Defendants, but appears to rely on federal criminal statutes.[1] In his complaint he refers repeatedly to Defendants' attempts to "defeat program purposes," without identifying any

---

[1] As the Magistrate Judge noted, Olson cites a number of federal **criminal** statutes as the basis for federal court jurisdiction in his Complaint. (Compl. at 4.) He lists five general claims, including discrimination, misrepresentation, identity theft, conspiracy, and perjury, and alleges that the Defendants' committed these acts "to defeat program purposes." (*Id.* at 6–7.) Accordingly, the basis in federal law upon which Olson relies in this **civil** case is unclear. Additionally, as the Magistrate Judge noted, there is no diversity jurisdiction here because Olson and several of the Defendants are from Minnesota. (Order at 3.)

specific program or describing how it was harmed by Defendants' actions. (*See* Compl at 5-7.) The additional documents he submitted offer no more clarity. Viewing all the documents together, the factual account is "nearly impossible for the Court to decipher and fails to put the Defendants or the Court on notice of what Defendants did that was illegal." (R&R at 5.) The Court therefore finds that Olson has failed to state a claim on which relief can be granted.[2] Accordingly, the Court will overrule Olson's objections, adopt the R&R, and dismiss Olson's action without prejudice.

### III.   MOTION FOR JUDGMENT ON THE PLEADINGS

Because the Court will adopt the R&R and dismiss Olson's action, the Court will also deny Olson's Motion for Judgment on the Pleadings. The appropriate time to file that motion is "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Here, the pleadings have not yet closed. Defendants have not filed an answer and, at least for the time being, Defendants do not need to file an answer at all because the Court is dismissing Olson's complaint. Olson's motion for judgment on the pleadings is therefore untimely and must be denied.

---

[2] Olson also appears to argue that the Magistrate Judge improperly denied his right to a jury trial. (Obj. to R&R at 3.) As discussed above, Olson failed to comply with the Magistrate Judge's order, and failed to state a basis for his claim; his claims are therefore properly dismissed at this stage without a jury trial. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (stating that under 28 U.S.C. § 1915(e)(2)(B)(ii) "a district court may dismiss an action filed in forma pauperis 'at any time' if the court determines that the action fails to state a claim on which relief may be granted").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Olson's objections [Docket Nos. 4, 9], **AFFIRMS** the Order of the Magistrate Judge [Docket No. 3], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 8]. **IT IS HEREBY ORDERED** that:

1. Olson's Motion to Amend the Complaint [Docket No. 5] is **GRANTED.**

2. Olson's Application to Proceed *in forma pauperis* [Docket No. 2] is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that:

3. Olson's Motion for Judgment on the Pleadings [Docket No. 10] is **DENIED.**

4. Olson's claims are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 8, 2016  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court